UNITED STATES v. PETRY et al.

(Circuit Court, S. D. New York. May 15, 1902.)

No. 3,189.

1. TARIFF DUTIES—SUBACETATE OF COPPER.

The kind of verdigris known as subacetate of copper is not dutiable under Tariff Act 1897, par. 3, as a chemical compound not specifically provided for, being specifically placed on the free list by paragraph 694.

Appeal by the United States from a decision of the board of United States general appraisers, which reversed the decision of the collector of customs at the port of New York.

The following is the opinion of the general appraisers:

All of the merchandise covered by these protests is of the same character, and was returned in one case by the local appraiser as "acetate of copper and verdigris, the latter being subacetate of copper," and in the remaining cases as a chemical salt. It was assessed in each case, under paragraph 3 of the tariff act of 1897, at 25 per cent. ad valorem, as a chemical compound not specially provided for in said act, and is claimed to be free of duty, under

paragraph 694 of said act, which places on the free list "verdigris, or sub-acetate of copper." In U. S. v. Ducas, 24 C. C. A. 121, 78 Fed. 339, the circuit court of appeals for the Second circuit construed the corresponding paragraph (749) of the tariff act of 1890, and decided that acetate of copper, though a variety of verdigris, was dutiable, under paragraph 76 of said tariff act, as a chemical compound, and was not entitled to free entry, under paragraph 749 of the same act, as verdigris or subacetate of copper; or, in other words, that the article intended to be exempt from duty was the kind of verdigris known as subacetate of copper. The only question in this case, therefore, is whether the article covered by the protests is subacetate of copper. It appears from the testimony taken at the hearing that the article is used for hat and wool dyeing as a mordant to logwood, and that acetate of copper is worth about 100 per cent. more than subacetate of copper; or, in other words, that the latter article is sold for about 18 cents or 19 cents a pound, while acetate of copper is sold at from 35 cents to 50 cents per pound. The weight of the testimony, in our opinion, supports the conclusion that the article is a subacetate of copper, as claimed in the protests.

The protests are all sustained, as far as this claim is made, and the collectors' decisions are reversed, with instructions to reliquidate the entries accordingly.

Charles D. Baker, Asst. U. S. Atty.
W. Wickham Smith, for importers.

LACOMBE, Circuit Judge (orally). Decision affirmed, upon the opinion of the board.